**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE MIGUEL PERALTA, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge |
| | ) | |
| BHB & CAFÉ MANAGEMENT COMPANY, LLC d/b/a WEST TOWN BAKERY & DINER | ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Jose Miguel Peralta, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendant BHB & Café Management Company, LLC d/b/a West Town Bakery & Diner (hereinafter "BHB") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiff also brings individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA") for Defendant's failure to compensate him for all time worked.

2.      Plaintiff brings his FLSA claim as a proposed representative action under 29 U.S.C. §216(b). A copy of Plaintiff's consent form is attached hereto as Exhibit A.

3.     Plaintiff worked for Defendant as a dishwasher from approximately 2011 to July 17, 2015.

4.     Defendant paid Plaintiff on an hourly basis.

5.     Defendant paid other similarly situated employees on an hourly basis.

6.     In one or more work weeks during his employment by Defendant, Plaintiff worked more than forty (40) hours. In those weeks, Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for all time he worked in excess of forty (40) hours per week.

## THE PARTIES

7.     Plaintiff Jose Miguel Peralta resides in and is domiciled within this judicial district.

8.     In the prior three years, Plaintiff was employed by Defendant as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

9.     During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq*., or the FLSA, 29 U.S.C. § 207.

10.     During the course of his employment, Plaintiff engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

11.     Defendant BHB, is an Illinois corporation doing business within this judicial district. Defendant BHB is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for

2

commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.     Defendant BHB's gross volume of sales made or business done exceeded $500,000 in 2012, 2013 and 2014.

13.     Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), 820 ILCS 105/3 of the IMWL, and 820 ILCS 115/2 of the IWPCA.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, rising under 29 U.S.C. § 216(b).

15.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

16.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

17.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff for all time he worked in excess of forty (40) hours per week.

18.     In one or more individual work weeks during his employment by Defendant, Plaintiff worked in excess of forty (40) hours per week.

19.     Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours individual work weeks.

3

20.     For example, for the work week ending November 19, 2014, Plaintiff worked 87.30 hours.  Plaintiff was paid his regular rate for all time worked during this work week. See Exhibit B, attached hereto.

21.     For the bi-weekly pay period ending November 26, 2014, Plaintiff worked a total of 174.75 hours.  Plaintiff was paid his regular rate for all time worked during this pay period.  See Exhibit C, attached hereto.

22.     For the bi-weekly pay period ending January 21, 2015, Plaintiff worked 167.26 hours. Plaintiff was paid his regular rate all time worked during this pay period. See Exhibit D, attached hereto.

23.      Other similarly situated hourly employees have likewise performed non-exempt work for Defendant, but Defendant has failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

24.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff  worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

25.     Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated hourly employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times his regular rate of pay.

26.     Defendant's failure to pay overtime wages to Plaintiff for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27.     Defendant's failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

4

28. Defendant's failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or Plaintiff's regular rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiff individually only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

31. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

32. During his employment with Defendant, Plaintiff worked in excess of forty (40)

hours in one or more individual work weeks.

33. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

34. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or his regular rate of pay for all hours in which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

## COUNT III
**Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages**
**(Plaintiff individually only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

35. Defendant and Plaintiff had an agreement or understanding that Defendant would pay Plaintiff his hourly rate of pay for all time he worked each work week. Prior to July 1, 2015, Defendant agreed to pay Plaintiff $9.50 for each hour he worked.

6

36.     Despite the Defendant's agreement to pay Plaintiff for all time he worked, Defendant failed to compensate Plaintiff for his last two weeks of employment at the rate the Parties agreed.

37.     Defendant failed to pay Plaintiff approximately 100 hours of work during his last two weeks of employment.

38.     Defendant violated the IWPCA by refusing to compensate Plaintiff for all time he worked for Defendant and failing to pay Plaintiff his final compensation.

39.     Plaintiff has been damaged by Defendant's failure to compensate him for all time he worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of all back wages due, as provided by the IWPCA;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.     An injunction precluding Defendant from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  August 12, 2015                s/Douglas M. Werman
                                        Douglas M. Werman—dwerman@flsalaw.com
                                        Maureen A. Salas—msalas@flsalaw.com
                                        Sarah J. Arendt—sarendt@flsalaw.com
                                        Zachary C. Flowerree-zflowerree@flsalaw.com
                                        Werman Salas P.C.
                                        77 West Washington, Suite 1402
                                        Chicago, IL 60602
                                        (312) 419-1008

                                        Attorneys for Plaintiff

7