# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Agreement") is entered into between Jose Miguel Peralta, on behalf of himself, his agents, representatives, assignees, heirs, executors, beneficiaries, and trustees (collectively "Employee") and BHB & Café Management Company, LLC d/b/a West Town Bakery & Diner, on behalf of itself and its parent, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of their past and present members, officers, directors, employees and agents (collectively, "Employer").

Employee filed a Complaint against Employer in the Northern District of Illinois, Eastern Division (the "Court"), alleging violations of the Fair Labor Standards Act and Illinois Minimum Wage Law, Case No. 15 C 7117 (the "Lawsuit").

Employee and Employer now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit and any and all claims, liabilities, demands and causes of action, whether known or unknown, fixed or contingent, which Employee has, may have, or claim to have against Employer or its representatives arising out of or relating to his employment with, treatment at, wages from, or separation of employment from Employer (whether asserted in the Lawsuit or not).

Therefore, in consideration of the mutual promises set out below, the parties agree as follows:

1. **Payment Terms and Consideration**

    A.   In consideration for the promises in this Agreement, Employer shall pay Employee and Werman Salas P.C. the gross sum of Forty-Four Thousand Four Hundred Eighty Dollars and Thirteen Cents ($44,480.13). Provided that Employee does not revoke this Agreement in accordance with Paragraph 11 below, the gross sum shall be delivered to Werman Salas P.C. within fourteen (14) calendar days of the latter of the execution of this Agreement or an order entered by the Court approving this Agreement, and it shall be apportioned and paid as follows:

    (i)   **Payment to the order of Jose Miguel Peralta:** Employer shall pay Employee the gross amount of Twenty-Six Thousand Two Hundred Fifty-Three Dollars and Eight Cents ($26,253.08). Employer shall issue Employee a check in the amount of Thirteen Thousand One Hundred Twenty-Six Dollars and Fifty-Four Cents ($13,126.54), less applicable payroll tax withholdings. And IRS Form W-2 will be issued to Employee by Employer for this amount. Employer shall issue Employee a check in the amount of Thirteen Thousand One Hundred Twenty-Six Dollars and Fifty-Four Cents ($13,126.54) for liquidated damages. An IRS form 1099 will be issued to Employee by Employer for this amount and Employer will deliver Employee's IRS Forms W-2 and 1099 to Werman Salas P.C.

    (ii)  **Payment to the order of Werman Salas P.C:** Employer shall pay Employee's counsel a check in the gross amount of Eighteen Thousand Two Hundred Twenty-Seven Dollars and Five Cents ($18,227.05). The amount paid to Employee's attorneys, Werman Salas P.C. (EIN #20-3042887), is for Employee's attorneys' fees and costs in pursuing this litigation. An IRS form 1099 will be issued to Werman Salas P.C. by Employer for the amount contained in this check.

   B. Employee and Employer agree that the gross sum constitutes good, valid and sufficient consideration for this Agreement and Employee agrees that, upon receipt of this payment, he has been properly paid for all alleged hours worked, including alleged overtime compensation, for all alleged hours worked in excess of 40 per week, and any alleged liquidated damages stemming from any overtime claims, as well as any other penalties or interest pursuant to Illinois wage and hour laws. Employee acknowledges and agrees that the consideration described above is consideration to which he would not otherwise be entitled and is being paid in exchange for signing and not revoking this Agreement.

**2.** **Waiver of Costs and Attorneys' Fees**

  In consideration of the promises made by Employer in this Agreement, Employee agrees to waive any claim he may have to an award of costs and attorneys' fees, other than as set forth in this Agreement.

**3.** **Release and Covenant Not to Sue**

  In further consideration of the promises made by the parties, the parties release and forever discharge the other, as broadly defined in the preamble to this Agreement, from:

  (a) all claims and counterclaims raised or which could have been raised in the Lawsuit;

  (b) all claims, actions, causes of action, class allegations and actions, demands, damages, costs, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered or related to, or in any way growing out of Employee's employment with, treatment at, wages from, or separation of employment from Employer;

  (c) all claims based on occurrences through the date of the parties' execution of this Agreement arising under the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the National Labor Relations Act, as amended, the Equal Pay Act, the Fair Labor Standards Act, as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, as amended, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and Attorneys' Fees and Wage Actions Act, Illinois Human Rights Act, Chicago Human Rights Ordinances and any other Federal, State, or municipal statute, order, regulation, or ordinance; and

  (d) all claims arising under common law, including but not limited to tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any injury related to or in any way growing out of Employee's employment with, treatment at, wages from, or separation of employment from Employer.

Employee and Employer intend that this Agreement bar each and every claim, demand, and cause of action described in this section. Excepted from this release is any claim or right which cannot be waived by law, including any claims Employee may have under the Illinois Workers' Compensation Act, 820 ILCS 305, *et seq*. In consideration of the promises made by the parties in this Agreement, Employee and Employer further agree never to institute any lawsuit, complaint, proceeding, grievance or action of any kind at law, in equity, or otherwise in any court of the United States, state, or municipality against each other arising from or relating to Employee's employment with Employer, treatment at, wages from, or separation of employment from Employer and/or any other occurrence prior to date of the parties' execution of this Agreement; provided, however, that nothing in this Agreement shall prohibit Employee from (i) bringing a suit challenging the validity of this Agreement or his release of claims under the Age Discrimination in Employment Act or (ii) filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. To the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

**4.     Non-Admission**

Employee and Employer agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated as an admission of any liability or wrongdoing by the Company. Employee and Employer further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the parties or unless ordered by a court of competent jurisdiction), except (i) one instituted by either party alleging a breach of this Agreement; or (ii) one brought by Employee or Employer alleging a violation of the release and covenant not to sue contained in Section 3.

**5.     Confidentiality**

All parties and their attorneys further agree that they will keep all terms of this Agreement confidential, including but not limited to the fact and amount of the payment discussed herein, except that the parties may make necessary disclosures to secure approval of this Agreement from the Court and to their immediate family members, attorney(s), tax advisor(s), or management-level employees.

**6.     Approval of Settlement and Dismissal**

The parties intend for Employee to waive any and all claims he may have against Employer and its representatives and, therefore, desire that this Agreement be approved by the Court. Accordingly, the parties agree that following execution of this Agreement, Employee will cause his attorneys to file a Joint Motion for Approval of Settlement and Dismissal of Claims with the Court, in which Employee will request approval of this Agreement and dismissal of the Lawsuit without prejudice, that will become with prejudice 21 days thereafter, with each party to bear its or his own costs and attorneys' fees.

**7.     Entire Agreement**

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Employee and Employer further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and

incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

9. **Full Knowledge, Consent, and Voluntary Signing**

Employee agrees that he is entering into this agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this agreement; and he has been advised to consult with an attorney, and in fact has consulted with Werman Salas P.C.

10. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions shall not be affected and shall be given full force and effect.

11. EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT AND, BY SIGNING BELOW, EMPLOYEE ACKNOWLEDGES THAT HE HAS DONE SO.

EMPLOYEE MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY EMPLOYEE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JEFFREY L. RUDD AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO JEFFREY L. RUDD OR HIS DESIGNEE, OR MAILED TO JEFFREY L. RUDD, JACKSON LEWIS P.C., 150 N. MICHIGAN AVE., SUITE 2500, CHICAGO, ILLINOIS 60601, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS THIS AGREEMENT.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

This Agreement may be executed in counterparts. Faxed and/or pdf copies shall be treated as originals.

Jose Miguel Peralta

BHB & Café Management Company, LLC
d/b/a West Town Bakery & Diner

_____

By: _____

Date: _____

Its:_____

Date: _____